**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **ANGELA CLARKE** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 4:16-CV-02594** |
| | § | |
| **THE TRAVELERS HOME AND** | § | |
| **MARINE INSURANCE COMPANY** | § | |
| **AND DWAYNE GREEN** | § | |

## DEFENDANT'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, The Travelers Home and Marine Insurance Company, a defendant in the above entitled and numbered cause, and files this its notice of removal, and in support thereof would respectfully show unto this Honorable Court as follows:

### I.
### STATE COURT ACTION

This case was initially filed in the District Court, Montgomery County, Texas, County Court at Law No. 2. The state court action is styled: Cause No. 16-07-08679; Angela Clarke vs. The Travelers Home and Marine Insurance Company, in the District Court of Montgomery County, Texas, County Court at Law No. 2.

### II.
### PARTIES

The plaintiff, Angela Clarke, is, upon information and belief, an individual citizen and resident of Montgomery County, Texas.

The defendant, The Travelers Home and Marine Insurance Company ("Travelers"), is a Connecticut corporation with its principal place of business in the State of Connecticut.

The defendant, Dwayne Green ("Green"), is an individual citizen and resident of the State of Texas.  Significantly, however, Green and the plaintiff's claims against Green, have been improperly joined.  Accordingly, Green's citizenship should be disregarded for the purpose of determining this Court's jurisdiction over the plaintiff's claims against Travelers.

### III.
### JURISDICTION

This Court has jurisdiction over the subject matter of this cause pursuant to 28 U.S.C. § 1332 because this is a civil action in which the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and represents a dispute for which the <u>properly</u> joined parties are citizens of different states.  Here, the plaintiff has improperly joined Green to this suit.  As such, Green's Texas citizenship should be disregarded when determining whether this Court has diversity jurisdiction over the plaintiff's claims against Travelers.  As the plaintiff is a resident and citizen of Texas and Travelers is a citizen of Connecticut, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1441 and § 1446 and the case law construing and applying same.

**A. The doctrine of improper joinder is an exception to the rule of complete diversity entitling a defendant to remove to a federal forum unless an in-state defendant has been properly joined.**

A defendant may remove an action to federal court if that court would have original jurisdiction over the case.  28 U.S.C. § 1441(a).  To establish subject-matter jurisdiction based on diversity, complete diversity of citizenship must exist among the parties, and the amount in controversy must exceed $75,000.00.  28 U.S.C. § 1332.  However, under the doctrine of improper joinder, a case may be removed despite the

2

presence of a non-diverse defendant if that defendant was joined improperly, i.e., without a legal basis to do so.  Barclay v. State Farm Lloyds, 2015 U.S. Dist. LEXIS 38091, at *3 (S.D. Tex. 2015).  "The doctrine of improper joinder…prevents defeat of federal removal jurisdiction premised on diversity by the presence of an improperly joined, non-diverse defendant."  Dalton v. State Farm Lloyd's, Inc., 2013 U.S. Dist. LEXIS 86490, *14-15 (S.D. Tex. 2013).  Citizenship of an improperly joined party is totally disregarded in determining the court's subject matter jurisdiction.  Smallwood v. Illinois Cent. R.R. Co., 385 F.3d 568, 572 (5th Cir. 2003).

"A defendant is improperly joined if the moving party establishes that (1) the plaintiff has stated a claim against a diverse defendant that he fraudulently alleges is nondiverse, or (2) the plaintiff has not stated a claim against a defendant that he properly alleges is nondiverse."  Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Group, Ltd., 818 F.3d 193, 199 (5th Cir. 2016) (citing Smallwood, 385 F.3d at 573).  A defendant claiming improper joinder based on the latter standard must demonstrate "that there is no possibility of recovery by the plaintiff against [a nondiverse] defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against [a nondiverse] defendant."  Int'l Energy Ventures, 838 F.3d at 200 (quoting Smallwood, 385 F.3d at 573).  A "reasonable basis" means more than a mere hypothetical basis.  Centro Cristiano Cosecha Final, Inc. v. Ohio Ca. Ins. Co., 2011 U.S. Dist. LEXIS 6541 (S.D. Tex. 2011).

To assess whether a plaintiff has a reasonable basis of recovery under state law, the federal pleading standard, not the Texas pleading standard, should be applied. Int'l Energy Ventures, 838 F.3d at 208. Thus, a Rule 12(b)(6)-type analysis is required to

3

determine whether the plaintiff's complaint states a claim against the in-state defendants in this case. Id.

### B. The plaintiff has failed to allege a reasonable basis for the Court to predict the plaintiff can recover against Green.

As shown below, the plaintiff has failed to allege any specific facts against Green that would lead to individual liability and has thus failed to allege a reasonable basis for predicting that state law would allow recovery against Green. Instead, the plaintiff has articulated only non-specific and conclusory allegations against Green, together with near-verbatim quotations of statutory provisions the plaintiff claims Green violated in an effort to defeat diversity jurisdiction. In essence, the plaintiff's factual allegations against Green fail to identify anything he did wrong other than estimate the plaintiff's alleged loss to be less than what the plaintiff desired.

While certain paragraphs in the plaintiff's original petition appear to be directed at Green, for the most part they merely track the statutory provisions the plaintiff claims Green violated. See plaintiff's original petition at ¶¶ 18-24. The only factual allegations relating to Green are found in paragraph nos. 11, 12, and 13, which read as follows:

11. Green was assigned as an individual adjuster on the claim, conducted a substandard investigation and inspection of the property, prepared a report that failed to include all of the damages that he noted during the inspection, and undervalued the damages he observed during the inspection.

12. Green's unreasonable investigation led to the underpayment of Plaintiff's claim.

13. Moreover, Travelers and Green performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property.

<u>See id.</u> at ¶¶ 11-13.  All other allegations in the plaintiff's original petition specifically against Green merely track the language of the various statutory provisions the plaintiff claims Green violated.  <u>See id.</u> at ¶¶ 18-24.  As discussed below, federal district courts in Texas, including in the Southern District of Texas, routinely hold that allegations made against an adjuster functionally similar to the ones made against Green herein are insufficient to allege a reasonable basis for the court to predict that a plaintiff may be able to recover against the adjuster, and have thus denied remand.  <u>See, e.g.,</u> <u>Young v. Travelers Pers. Sec. Ins. Co.</u>, 2016 U.S. Dist. LEXIS 105397 (S.D. Tex. 2016); <u>Johnson v. Travelers Home & Marine Ins. Co.</u>, 2016 U.S. Dist. LEXIS 99281 (S.D. Tex. 2016); <u>Barclay</u>, 2015 U.S. Dist. LEXIS 38091; <u>Okenkpu v. Allstate Tex. Lloyd's</u>, 2012 U.S. Dist. LEXIS 41705 (S.D. Tex. 2012.)

### C. Courts in the Southern District have found improper joinder on numerous occasions in cases nearly identical to this one.

Courts in the Southern District of Texas have found improper joinder in cases nearly identical to this one involving nearly identical allegations against an adjuster defendant on the ground that the plaintiff failed to establish a cause of action against the adjuster.  <u>See e.g.</u> <u>Johnson</u>, 2016 U.S. Dist. LEXIS 99281 (Miller, J.) (remand denied because plaintiff failed to establish a cause of action against the adjuster defendant who allegedly performed an outcome oriented and unreasonable investigation); <u>Young</u>, 2016 U.S. Dist. LEXIS 105397 (Harmon, J.) (remand denied because the plaintiff failed to establish a reasonable basis for the Court to predict that the plaintiff might be able to recover against the adjuster when he alleged that the adjuster made numerous errors in estimating the value of the plaintiff's claim which were designed to intentionally minimize and underpay the loss incurred by the plaintiff); <u>Barclay</u>, 2015 U.S. Dist. LEXIS 38091

(Miller, J.) (remand denied in part because the plaintiff failed to establish a cause of action against the adjuster defendant who allegedly found and made up excuses to delay and deny paying the plaintiff's claim, made false statements pertaining to coverage of insurance, failed to properly adjust the claim, and summarily denied the claim with obvious knowledge and evidence of a covered peril); Okenkpu, 2012 U.S. Dist. LEXIS 41705 (Harmon, J.) (remand denied because the plaintiff failed to establish a cause of action against the adjuster defendant who allegedly conducted substandard inspections of the plaintiff's property and spent an insufficient amount of time inspecting the property as evidenced by his report which failed to include all of the damages noted upon inspection and grossly undervalued those damages); Centro Cristiano Cosecha Final, Inc., 2011 U.S. Dist. LEXIS 6541 (Harmon, J.) (remand denied because the plaintiff failed to establish a cause of action against the adjuster defendant who allegedly failed to fully quantify the plaintiff's damages, conduct a thorough investigation of the claim, fairly evaluate and adjust the plaintiff's claim, and provide the plaintiff with a reasonable explanation as to why the insurance company was not compensating the plaintiff for the full value of the plaintiff's covered losses); Finkelman v. Liberty Mut. Fire Ins. Co., 2010 U.S. Dist. LEXIS 56813 (S.D. Tex. 2010) (Lake, J.) (remand denied because the plaintiff failed to establish a cause of action against the adjuster defendant who allegedly was assigned to adjust the plaintiff's claim and, together with the insurance company, wrongfully denied the plaintiff's claim for property repairs, underpaid some of the plaintiff's claim by not providing full coverage under the policy, and underestimated damages during her investigation); Centaurus Gf Cove v. Lexington Ins. Co., 2010 U.S. Dist. LEXIS 67391 (S.D. Tex. 2010) (Miller, J) (remand denied

because the plaintiff failed to establish a cause of action against the adjuster defendant who allegedly traveled to the property site in question and conducted an inadequate investigation regarding the damages).

Judge Miller's recent July 29, 2016 opinion in <u>Johnson</u> is particularly instructive when, as in this case, the question is whether the plaintiff's allegations against the individual adjuster defendant contain sufficient facts to establish a claim for relief that is plausible on its face.  <u>Johnson</u>, 2016 U.S. Dist. LEXIS 99281, at *4.  Significantly, in <u>Johnson</u>, Judge Miller identified many of the same allegations that have been made in this case, and held that the allegations were "not pled with enough specificity to distinguish particular facts from legal conclusions."  <u>Id.</u> at *6.  Those allegations include:

> This case:
>
>> "Green was assigned as an individual adjuster on this claim…."  <u>See</u> plaintiff's original petition at ¶ 11.
>
> <u>Johnson</u>:
>
>> "Travelers assigned Nice to adjust this claim."  2016 U.S. Dist. LEXIS 99281, at *5.
>
> This case:
>
>> "Green…conducted a substandard investigation and inspection of the property…."  <u>See</u> plaintiff's original petition at ¶ 11.
>
> <u>Johnson</u>:
>
>> "Nice did not properly assess all damages…and omitted covered damages…."  <u>Johnson</u>, 2016 U.S. Dist. LEXIS 99281, at *5.

This case:

"Green…prepared a report that failed to include all of the damages that he noted during the inspection, and undervalued the damages he observed during the inspection." See plaintiff's original petition at ¶ 11.

Johnson:

"Nice refused to fully compensate Plaintiff for the full amount Plaintiff is entitled under the Policy." Johnson, 2016 U.S. Dist. LEXIS 99281, at *5.

This case:

"Green's unreasonable investigation led to the underpayment of Plaintiff's claim." See plaintiff's original petition at ¶ 12.

Johnson:

"Nice…performed an…unreasonable investigation." Johnson, 2016 U.S. Dist. LEXIS 99281, at *5.

This case:

"Moreover, Travelers and Green performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the Property." See plaintiff's original petition at ¶ 13.

Johnson:

"The outcome oriented investigation of Plaintiff's claim resulted in a biased evaluation of Plaintiff's damages to the Property." Johnson, 2016 U.S. Dist. LEXIS 99281, at *5.

8

In holding the foregoing allegations in <u>Johnson</u> insufficient to establish a claim to relief that is plausible on its face, Judge Miller noted that a plaintiff's "obligation to provide the grounds for his entitlement to relief requires more than mere labels and conclusions." <u>Johnson</u>, 2016 U.S. Dist. LEXIS 99281, at *5.  A similar determination and result should attain in this case.

This case is also similar, if not substantively identical, to the recently decided <u>Young</u> case.  <u>See</u> <u>Young</u>, 2016 U.S. Dist. LEXIS 105397.  In <u>Young</u>, the plaintiffs sought remand after Travelers removed the case contending the adjuster defendant was improperly joined.  <u>Id.</u> at *4.  In support of their motion to remand, the plaintiff argued that the facts alleged in his original petition were sufficient to establish a cause of action against the [the adjuster]."  <u>Id.</u> at *8.  Specifically, the plaintiff alleged in his petition that the adjuster "made numerous errors in estimating the value of Plaintiff's claim, all of which were designed to intentionally minimize and underpay the loss incurred by the Plaintiff."  <u>Id.</u> at *9.  The plaintiff also alleged that the adjuster's conduct constituted multiple violations of the Texas Insurance Code, that the adjuster is individually liable for his unfair and deceptive acts, and that "Defendants" knowingly and recklessly made false representations as to material facts and/or knowingly concealed material information from the plaintiff.  <u>Id.</u>  The court noted these statements were conclusory and lacked the factual specificity necessary to state a claim.  <u>Id.</u> at *10.  Accordingly, the court denied the plaintiffs' motion to remand and dismissed the adjuster defendant with prejudice as improperly joined.  <u>Id.</u>, at *13.

Here, the plaintiff's factual claims against Green are as follows:

11.  Green was assigned as an individual adjuster on the claim, conducted a substandard investigation and inspection of the property, prepared a

9

report that failed to include all of the damages that he noted during the inspection, and undervalued the damages he observed during the inspection.

12. Green's unreasonable investigation led to the underpayment of Plaintiff's claim.

13. Moreover, Travelers and Green performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property.

See plaintiff's original petition at ¶¶ 11-13.  As was the case in Young, these allegations are conclusory and lack the specificity necessary to state a claim under Texas law.

In addition to being similar to the allegations made against the adjuster defendant in the recently decided Johnson and Young cases, the plaintiff's allegations against Green are similar to allegations made against the adjuster defendants in Okenkpu, Centro Cristiano Cosecha Final, Inc., Barclay, Finkelman, and Centaurus Gf Cove. Here, the plaintiff claims, in essence, that Green was assigned to adjust the claim, conducted a substandard investigation and inspection of the property, and undervalued the damages he observed on the property.  See plaintiff's original petition at ¶ 11. These allegations are similar, if not identical, to the allegations found in the cases cited and discussed herein in which remand was denied on the ground that the plaintiff failed to allege a reasonable basis for the court to predict that the plaintiff could recover. Based on these authorities, the plaintiff's claims against Green have been improperly joined and Green's citizenship should be disregarded for the purpose of assessing diversity jurisdiction with respect to the plaintiff's claims against Travelers.

**D. This case is "but another in a long line of cases in which attorneys for an insured-plaintiff joined as a defendant in a lawsuit filed against an insurance company" the insurance adjuster to avoid removal.**

As Judge McBryde in the Northern District of Texas judge recently noted in a 2016 case similar, if not substantively identical, to the case at hand, this case is "but another in a long line of cases in which attorneys for an insured-plaintiff joined as a defendant in a lawsuit filed against an insurance company to recover policy benefits the insurance adjuster or another representative of the insurance company in an effort to avoid removal of the case from state court to federal court." Patel v. Acceptance Indem. Ins. Co., 2016 U.S. Dist. LEXIS 10300, *7 (N.D. Tex. Jan. 28, 2016). In Patel, the plaintiff filed suit against Acceptance Indemnity Insurance Company and adjuster Charles Payne related to an insurance coverage dispute arising out of a storm. Id. at *1-2. Acceptance removed the case to federal court alleging that the Northern District had subject matter jurisdiction by reason of diversity of citizenship. Id. at *2. Acceptance contended that the Texas citizenship of Payne should be disregarded because he was not properly joined as a defendant. Id. The plaintiff then filed a motion to remand, which the court ultimately denied. Id. at 1-2. In doing so, the court reasoned that the plaintiff's allegations were related to the investigation and estimation of damages, while the plaintiff's claims arose out of an alleged breach by the insurer of its duty and the insurer's denial of the claim. Id. at *8. The court further reasoned that:

> "[w]hile it is true that plaintiff's complaint includes what appear to be factual allegations related to [the adjuster], a close analysis discloses that they are nothing more than mere conclusions. No facts are alleged that would plausibly lead to the conclusion that plaintiff suffered any damage by reason of the conduct of [the adjuster], bearing in mind that ultimately [the insurance company], not [the adjuster], was responsible for insurance coverage."

Id. at *9.

The case at issue here bears striking resemblance to Patel.  Here, as in Patel, the plaintiff's allegations against Green relate only to his investigation and estimation of damages, while the plaintiff's claims against Travelers relate to Travelers' alleged breach and denial of the claim.  See id. at *8.  Also, as in Patel, a close analysis of the plaintiff's allegations reveal that "[n]o facts are alleged that would plausibly lead to the conclusion that plaintiff suffered any damage by reason of the conduct of [Green], bearing in mind that ultimately [Travelers], not [Green], was responsible for insurance coverage."  See id. at *9.  Ultimately, this case is "but another in a long line of cases in which attorneys for an insured-plaintiff joined as a defendant in a lawsuit filed against an insurance company to recover policy benefits the insurance adjuster or another representative of the insurance company in an effort to avoid removal of the case from state court to federal court."  See id. at *7.

Based on Patel and all other authorities cited herein, the plaintiff's claims against Green have been improperly joined and Green's citizenship should be disregarded for the purpose of assessing diversity jurisdiction with respect to the plaintiff's claims against Travelers.

## IV.
## TIMELINESS

Travelers was served with process and the plaintiff's original petition on August 8, 2016.  Thirty days have not elapsed since Travelers was served with process.  Accordingly, pursuant to 28 U.S.C. § 1446, this notice of removal is timely and proper.

## V.
## ATTACHMENTS

Pursuant to 28 U.S.C. § 1446(a), Local Rule 3, and Local Rule 81, the following exhibits are attached hereto and incorporated herein by reference for all purposes:

a.  Exhibit A:   Civil action cover sheet;

b.  Exhibit B:   Copies of all executed processes in the case, if any;

c.  Exhibit C:   Copies of all pleadings asserting causes of action and all answers to such pleadings;

d.  Exhibit D:   Copies of all orders signed by the state court judge, if any;

e.  Exhibit E:   A copy of the state court docket sheet;

f.  Exhibit F:   An index of matters being filed;

g.  Exhibit G:   A list of all counsel of record, including addresses, telephone numbers, and parties represented; and

h.  Exhibit H:   Dwayne Green's Consent of Removal.

## VI.
## CONDITIONS PRECEDENT

The defendant has tendered the filing fee required by the Clerk of the United States District Court for the Southern District of Texas, Houston Division, along with this notice of removal. A copy of this notice of removal is also being filed in the County Court at Law No. 2, Montgomery County, Texas, and all counsel of record are being provided with complete copies.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, the defendant respectfully requests that the above action, styled: Cause No. 16-16-08679; <u>Angela Clarke vs. The Travelers</u>

13

<u>Home and Marine Insurance Company and Dwayne Green</u> in the District District Court of Montgomery County, Texas, County Court at Law No. 2, be removed to this Court.

Respectfully submitted,

ORGAIN BELL & TUCKER, LLP
P O Box 1751
Beaumont, TX 77704-1751
(409) 838-6412
(409) 838-6959 facsimile

/s/ Greg C. Wilkins
Greg C. Wilkins
State Bar No. 00797669
Southern District Bar No. 33280
gcw@obt.com
Warren B. Wise
State Bar No. 24075299
Southern District Bar No. 1129798
wwise@obt.com

ATTORNEYS FOR DEFENDANT,
TRAVELERS HOME AND MARINE
INSURANCE COMPANY

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that on the 25th day of August, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and also forwarded it to all known counsel of record by Certified Mail, Return Receipt Requested.

/s/ Greg C. Wilkins
Greg C. Wilkins